**Moses James AMIEN, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 02–60798
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 2003.

Okon J. Usoro, Houston, TX, for Petitioner.

John Ashcroft, pro se, David V. Bernal, Thomas Ward Hussey, Director, Regina Byrd, US Department of Justice, Washing-

ton, DC, Hipolito Acosta, US Immigration & Naturalization Service, Houston, TX, Caryl G. Thompson, US Immigration & Naturalization Service, New Orleans, LA, for Respondent.

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Moses James Amien requests review of the August 28, 2002, decision rendered by the Board of Immigration Appeals (BIA). The BIA denied Amien's motion for reconsideration of its decision dismissing his appeal as untimely. He argues that the 30–day appeal period runs from the date that he received the decision of the Immigration Judge (IJ) on October 17, 2001, and that his notice of appeal was timely filed on November 15, 2001, within 30 days of the date he received the decision. He also argues that the application of 8 C.F.R. § 1003.38(b), the regulation establishing the 30–day appeal period, violated his equal protection rights. Because Amien did not file a petition for review within 30 days of the BIA's June 4, 2002, order which dismissed Amien's appeal as untimely, we do not have jurisdiction to review the BIA's June 4, 2002, order. *See Karimian–Kaklaki v. INS*, 997 F.2d 108, 111 (5th Cir.1993).

Amien filed a petition for review within 30 days of the BIA's August 28, 2002, order denying his motion for reconsideration and, therefore, we have jurisdiction to review that order. *See id.* Amien has not shown that the BIA abused its discretion in denying his motion for reconsideration as untimely. Amien did not comply with the BIA's instructions to correct the defects in his filing within the 30–day appeal period pursuant to 8 C.F.R. § 1003.2(b)(2), and he did not file a motion requesting

that the BIA accept his untimely motion by certification. Accordingly, Amien's petition for review is DENIED.

PETITION DENIED.

---

* Pursuant to 5th Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cɪʀ. R. 47.5.4.